UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON TODD,** | : | Civil No. 1:25-CV-1336 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

I. **Statement of Facts and Procedural History**

This case, which was referred to us on September 4, 2025, comes before us for a legally mandated screening review of the plaintiff's complaint. (Doc. 1). The *pro se* plaintiff, Jason Todd, has recently filed a spate of lawsuits in this court, including the instant case.[1] Todd's current complaint is a somewhat cryptic and enigmatic document drafted in a stream of consciousness style which presumes some vast pre-existing knowledge on the reader's behalf of other unrelated events.

In this pleading, Todd sues a disability rights organization, Disability Rights Pennsylvania, (DRP), Derry Township, the Commonwealth of Pennsylvania, the

---

[1] Todd v. Derry Township, 1:25-cv-435; Todd v. Commonwealth, 1:25-cv-1336; Todd v. Disability Rights of Pennsylvania, 1:25-cv-1337.

1

Pennsylvania Department of Human Services (DHS), and the Pennsylvania Human Relations Commission, (PHRC), agencies of state government. The fairly meager factual recital which follows in support of the complaint alleges that Todd was assaulted by a man named Shoemaker in September of 2024. In October of 2024, Shoemaker pleaded guilty to a harassment charge but according to Todd "no ADA or victim support followed." Todd then asserts that he submitted "sealed suicide risk documentation (Doc. 283) to federal court" in December. What this documentation may be, what the nature of this altercation was, and how this documentation supports any federal claim remains a mystery since nothing is included in the instant complaint which provides further content, context, or coherence to this pleading. Instead, we are left to try to ferret out the meaning and content of this averment, as well as the meaning of its reference to a document which is not part of this case. Todd then states that he also lodged otherwise unidentified formal complaints with the DRP, DHS and the PHRC between but they closed his complaints. (Id.)

On the basis of this barebones factual recital, Todd then alleges in a cursory manner that the defendants have violated the Americans with Disabilities Act, 42 U.S.C. §12203; the general civil rights statute, 42 U.S.C. §1983; the Protection and Advocacy for Individuals with Mental Illness Act, (PAIMI) 42 U.S.C. §§10801-10805; as well as the Supremacy Clause, Due Process Clause, and Equal Protection

Clauses of the United States Constitution. (Id.) Relying upon these enigmatic averments, Todd demands $20,000,000 in damages; sweeping declaratory and injunctive relief; the removal of officials from their jobs; and the appointment of a "federal monitor" over PHRC and DRP. (Id.)

Todd was granted leave to proceed *in forma pauperis* subject to a screening review of this complaint. Todd has also filed a pleading consenting to proceed before a magistrate judge. (Doc. 8). Therefore, since no other party has been served, for screening purposes we have sufficient party consent to proceed. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995).

Having conducted this legally mandated screening review, for the reasons set forth below, the complaint will be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

This court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a

complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not

4

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the

6

line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering whether a complaint fails to state a claim upon which relief may be granted the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically

7

attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment"). However, the court may not rely on other parts of the record in determining whether to dismiss a complaint or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that

are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, as discussed below, in its current form this complaint fails as a matter of law for several reasons.

### B. This Complaint Will Be Dismissed

#### 1. The Complaint Violates Rule 8.

At the outset, dismissal of this complaint is warranted because this pleading fails to comply with Rule 8's basic injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct.'" Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos, 236 F.App'x at 787;

Scibelli, 219 F.App'x at 222; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at 110 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted); see also Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006

WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

In its current form, this complaint is flawed in several fundamental respects. At the outset, this complaint is bereft of well-pleaded facts. Instead, the complaint seems to assume some prescience on the part of the reader, who must try to intuit facts from matters that are alluded to, but not provided to, the court.

The enigmatic quality of the complaint is best illustrated by Todd's ADA failure to accommodate claim which alleges without further supporting facts that the defendants violated 42 U.S.C. § 12132 which provides that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Here Todd has not explained how all of the defendants either discriminated against him or denied him the benefits of some public program. The failure to allege facts, but rather assume that we can surmise some facts, is fatal here. Simply put, this complaint in its current form often leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). Therefore Rule 8 calls for dismissal of the complaint in its entirety.

### 2. Todd Cannot Sue a Private Entity for Alleged Civil Rights Violations.

In addition, Todd attempts to sue a private entity, Disability Rights

Pennsylvania, under a federal civil rights statute, 42 U.S.C. § 1983. However, as to this putative defendant Todd's complaint fails as a matter of law because the plaintiff has fundamentally misunderstood the reach of this civil rights statute. Simply put, Todd may not bring claims against private persons as civil rights violations pursuant to 42 U.S.C. § 1983.

In this regard, it is well established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393–94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

On this score, it is also well settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law;* and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added).

Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, (1999). In this regard, it has been held that disability rights organizations and attorneys are not state actors for purposes of §1983. See Johnson v. Comm'n on Hum. Rts. & Opportunities, No. 3:24-CV-728, 2024 WL 3649743, at *8 (D. Conn. July 8, 2024), appeal dismissed, No. 24-2050, 2025 WL 2233884 (2d Cir. Feb. 20, 2025); Spellman by Spellman v. Disability Rts. Wisconsin, Inc., No. 18-CV-1856-PP, 2020 WL 1249371, at *3 (E.D. Wis. Mar. 16, 2020).

This basic principle applies here and compels dismissal of Todd's § 1983 claims against this private entity since its actions are simply beyond the reach of this particular federal civil rights statute.

> 3. **Todd May Not Bring a Claim under the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§10801-10805.**

Likewise, Todd's attempt to invoke a private right of action under the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§10801-10805, (PAIMI), is unavailing. This claim fails for a single, simple reason: With the exception of actions brought by protection and advocacy organizations, "[t]he PAIMI Act does not afford rights that may be enforced through a private cause of action." Stoltie v. Cerilli, No. 2:21-CV-267, 2023 WL 9381888, at *7 (W.D. Pa. Oct. 2, 2023), report and recommendation adopted, No. CV 21-267, 2024 WL 278284 (W.D. Pa. Jan. 25, 2024), and report and recommendation adopted, No. CV 21-267, 2024 WL 326791 (W.D. Pa. Jan. 29, 2024) (citing Brooks v. Johnson & Johnson, Inc., 685 F. Supp. 107, 110 (E.D. Pa. 1988)). Therefore, since the statute does not provide for a private right of action on behalf of individuals like the plaintiff, Todd's *pro se* private PAIMI claim should be dismissed.

4. **The Eleventh Amendment Shields the Commonwealth of Pennsylvania, the DHS, and the PHRC from Liability under 42 U.S.C. §1983.**

Further, to the extent that Todd is trying to lodge a §1983 civil rights claim for damages against the Commonwealth of Pennsylvania, the DHS or the PHRC, agencies of state government, this claim fails for at least two reasons. As we have

previously explained in a similar case:

> First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the ... States....", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and therefore also is barred by the Eleventh Amendment. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989).
>
> Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996). Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Commonwealth of Pennsylvania, and the Commonwealth clearly has not waived its immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa. Cons. Stat. § 8521(b). Thus, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, <u>see</u> 42 Pa. Cons. Stat. § 8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa. Cons. Stat. § 8521(b).
>
> The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to claims involving the PHRC. As the Third Circuit has observed:
>
>> The Eleventh Amendment provides a state with immunity "from liability for damages in a suit brought in federal court by one of

15

> its own citizens." Dellmuth v. Muth, 491 U.S. 223, 229 n. 2, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989). This immunity extends to state agencies. See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001). While states can waive their Eleventh Amendment immunity, see id., Pennsylvania has not done so, see 42 Pa. Cons.Stat. § 8521(b). The PHRC is an administrative commission within the executive department of the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity. See 43 Pa. Stat. Ann. §§ 956–7.

Opoku v. Educ. Comm'n for Foreign Med. Graduates, 574 F. App'x 197, 201 (3d Cir. 2014).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> Moreover, beyond these constitutional considerations, as a matter of statutory interpretation, the plaintiff cannot bring a damages action against the PHRC or Shippensburg University, as a state agency or arm of state government since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. § 1983, the principal federal civil rights statute. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). In sum, [the plaintiff's] federal civil rights claims for . . . damages against the PHRC, . . . [is] barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. § 1983. Therefore, since the PHRC . . . cannot be sued in this fashion in federal court, this complaint should be dismissed.

Ally v. PHRC, No. 1:19-CV-1268, 2019 WL 3933661, at \*4–5 (M.D. Pa. July 23, 2019), report and recommendation adopted, No. 1:19-CV-1268, 2019 WL 3928790 (M.D. Pa. Aug. 19, 2019). Therefore, both constitutional and statutory considerations bar §1983 claims against the state and state agencies. Accordingly, these claims must

16

be dismissed.

Yet while this complaint fails on multiple scores, we recognize that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, acting out of a surfeit of caution, this complaint will be dismissed without prejudice to affording Todd one final opportunity to state a claim upon which relief may be granted, provided Todd amends his complaint in a timely fashion.

## III.   Conclusion

Accordingly, for the foregoing reasons, the plaintiff's complaint is dismissed without prejudice.

An appropriate order follows.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge

DATED: September 10, 2025