# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jason R. Todd, CW3, U.S. Army (Ret.)
223 Pineview Drive
Palmyra, PA 17078
Pro Se Plaintiff

FILED
HARRISBURG, PA

SEP 18 2025

PER ___JM___
DEPUTY CLERK

v.

Case No. 1:25-cv-01336

Officer Stumpf, Pennsylvania Capitol Police, in his individual capacity

Judge Sloan, Magisterial District Judge, in her individual capacity

Unknown PHRC Officials, in their individual capacities

Defendants.

# PLAINTIFF'S OMNIBUS FILING

**Includes:**

1. Amended Complaint
2. Supporting Memorandum of Law
3. Notice of Preservation of Appellate Issues

## I. AMENDED COMPLAINT

### Jurisdiction

1. Jurisdiction arises under 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 12132; 42 U.S.C. § 1983; U.S. Const. amends. I, V, XIV.
2. Venue is proper under 28 U.S.C. § 1391(b).

### Parties

3. Plaintiff is a VA-disabled Army veteran with PTSD and trauma-linked disability.
4. Defendant Officer Stumpf, Capitol Police, acted under color of law in filing retaliatory "terroristic threat" charges.
5. Defendant Judge Sloan acted under color of law in ordering fingerprinting without reviewing sealed ADA filings.
6. PHRC officials acted under color of law in dismissing ADA complaints under Policy 90-1.

### Factual Allegations

7. Plaintiff suffered a violent assault on Sept. 26, 2024, resulting in TBI and broken ribs.

8. On Dec. 16, 2024, Plaintiff filed sealed ADA trauma evidence (Doc. 283): PHQ-9/GAD-7 scores, VA evaluations, suicide hotline transcripts, U.S. Marshal monitoring.
9. Despite Doc. 283, Officer Stumpf pursued retaliatory charges, reframing ADA complaints as "terroristic threats."
10. Judge Sloan ordered fingerprinting and processing without reviewing sealed trauma filings.
11. PHRC officials dismissed ADA complaints by misusing "Policy 90-1," denying Plaintiff equal protection.

## Claims

### Count I – ADA Title II (42 U.S.C. § 12132)

12. Plaintiff is a qualified individual with a disability.

13. Defendants denied meaningful court access by ignoring Doc. 283 and retaliating.

14. Under Tennessee v. Lane, 541 U.S. 509 (2004), Congress abrogated state immunity where court access is denied.

### Count II – Civil Rights (42 U.S.C. § 1983)

15. Officer Stumpf's actions chilled ADA rights, violating the First Amendment.

16. Judge Sloan's fingerprinting order denied Due Process.

17. PHRC's use of Policy 90-1 violated Equal Protection.

## Relief

18. Declaratory relief that Defendants violated Plaintiff's rights.
19. Compensatory damages of $20,000,000.
20. Punitive damages against individual defendants.
21. Injunctive relief requiring Pennsylvania agencies to adopt sealed-trauma ADA protocols.

22. Plaintiff requests to go ahead and appeal the 3CA because how corrupt MDCPA is toward Pro Se Litigants.

 

Respectfully submitted,

/s/ Jason R. Todd

Pro Se Plaintiff

Date: September 13, 2025

# II. SUPPORTING MEMORANDUM OF LAW

### A. Rule 8 Misapplied

- The Court dismissed as "rambling." Supreme Court precedent (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)) requires liberal construction of pro se complaints.
- Plaintiff's facts — assault, Doc. 283 sealed trauma filing, retaliatory charges, PHRC dismissal — clearly state claims.

### B. ADA Title II and Eleventh Amendment

- Carlson barred ADA claims as immune. Lane, 541 U.S. at 533–34, squarely rejects that: Congress abrogated state immunity for ADA Title II where court access is implicated.
- Plaintiff's claims are indistinguishable from Lane: sealed ADA filings ignored, retaliatory criminal process used.

### C. Sealed Trauma Filing Ignored

- Third Circuit in Sanchez v. Scranton, 2021 WL 3772115, held courts must consider sealed ADA trauma evidence.
- Dismissing without acknowledging Doc. 283 is reversible error.
- If Judge Carlson wants to continue MDCPA biased treatment of ADA Pro Se Litigants, 3CA is already tracking the corruption in the Court.

### D. Constitutional Overlay

- First Amendment: Retaliation for ADA filings violates right to petition (Borough of Duryea v. Guarnieri, 564 U.S. 379 (2011)).

- Due Process: Denying court access violates Mathews v. Eldridge, 424 U.S. 319 (1976).
- Equal Protection: Selective application of Policy 90-1 violates City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432 (1985).

## E. Injunctive Relief Preserved

- Even if immunity applied (it does not), Ex parte Young, 209 U.S. 123 (1908), authorizes prospective injunctive relief.
- Plaintiff seeks forward-looking relief: sealed-trauma accommodation protocols.

Conclusion: Carlson's screening order contradicts Lane, Haines, Erickson, Sanchez, Guarnieri, and Ex parte Young. The Amended Complaint states viable claims and must proceed.

# III. NOTICE OF PRESERVATION OF APPELLATE ISSUES

Plaintiff hereby preserves for appeal the following issues:

1. Misapplication of Rule 8 contrary to Haines and Erickson.
2. Improper Eleventh Amendment dismissal contrary to Tennessee v. Lane.
3. Failure to consider Doc. 283 sealed ADA trauma filing, contrary to Sanchez v. Scranton.
4. Improper dismissal of § 1983 First Amendment, Due Process, and Equal Protection claims.
5. Improper denial of injunctive relief contrary to Ex parte Young.

# Final Submission

Respectfully submitted,

/s/ Jason R. Todd

Jason R. Todd, CW3, U.S. Army (Ret.)

Pro Se Plaintiff

Date: September 13, 2025

